KYH
*AL: USAO#2024R00630*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.** ___ABA-26-201___ |
| v. | (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, 21 U.S.C. §§ 846 and 841(b)(1)(A); Conspiracy to Interfere with Commerce by Robbery, 18 U.S.C. § 1951; Forfeiture, 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, 28 U.S.C. § 2461(c)) |
| **TYLER MICHAEL WATSON,** a/k/a "Dink," | |
|  | **FILED UNDER SEAL** |
| **Defendants.** | |

## INDICTMENT

## COUNT ONE
**(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland charges that:

From in or around March 2023, and continuing through in or around May 2025, in the District of Maryland and elsewhere, the Defendants,

**TYLER MICHAEL WATSON,**
a/k/a "Dink,"



did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute five kilograms or more of a mixture or

substance containing a detectable amount of cocaine, a Schedule II controlled substance, in

violation of Title 21, United States Code, Section 841(a)(1).

21 U.S.C. § 846
21 U.S.C. § 841(b)(1)(A)

## COUNT TWO
### (Conspiracy to Interfere with Commerce by Robbery)

The Grand Jury for the District of Maryland further charges that:

From on or about July 9, 2024, and continuing through on or about July 16, 2024, in the District of Maryland and elsewhere, the Defendants,

**TYLER MICHAEL WATSON,**
**a/k/a "Dink,"**



did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to unlawfully obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in commerce, through the commission of a robbery, as that term is defined in 18 U.S.C. § 1951, by the unlawful taking and attempted taking of property from the person of K.G., an individual engaged in interstate commerce, against the will of K.G., by means of actual and threatened force, violence, and fear of injury to K.G.

### OBJECT OF THE CONSPIRACY

1.      The object of the conspiracy was to obtain controlled substances, namely cocaine and marijuana, from K.G. by robbery.

### MANNER AND MEANS OF THE CONSPIRACY

2.      It was part of the conspiracy that WATSON, who oversaw the distribution of cocaine and marijuana in Maryland through his drug trafficking organization, obtained a supply of controlled substances from ███████ and K.G., both of whom were in California.

3

3.      It was further part of the conspiracy that WATSON, ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ would travel to California to purchase controlled substances from ▓▓▓▓▓ and K.G., then ship those controlled substances back to Maryland for distribution.

4.      It was further part of the conspiracy that WATSON, ▓▓▓▓▓▓▓▓ had purchased controlled substances from K.G. on multiple prior occasions and were aware of where K.G. kept controlled substances before sale.

5.      It was further part of the conspiracy that WATSON, ▓▓▓▓▓▓▓▓ planned to travel to California in July 2024 and rob K.G. using a firearm that would be obtained in California.

6.      It was further part of the conspiracy that ▓▓▓▓▓▓ would provide the firearm for the robbery, as well as an additional associate ("Co-Conspirator 1") to assist with the robbery.

7.      It was further part of the conspiracy that WATSON, ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ would enrich themselves through the sale of any controlled substances obtained during the robbery.

## OVERT ACTS

8.      In furtherance of the conspiracy, and to effect the objects thereof, the Defendants participated in and committed the following acts, among others, in the District of Maryland and elsewhere:

a.      On or about July 9, 2024, in Maryland, WATSON and ▓▓▓▓▓▓ exchanged text messages regarding planning the robbery with ▓▓▓▓▓, whom they knew ▓▓▓▓▓▓▓▓. Specifically, WATSON wrote, "▓▓ready line this nigga up." ▓▓▓▓▓▓ responded, "Tell ▓▓ it's time." WATSON then wrote, ". . . I been thinkin

4

even without him all I need do is go to distro with them leave window unlocked or sum," followed by another message, "What u think was in there like 20 bags right."

b.     On or about July 14, 2024, WATSON, ███████████████ flew to Los Angeles and traveled to ███████ residence. At ███████ residence, ███████ provided WATSON with a handgun to use in the planned robbery of K.G.

c.     On or about July 15, 2024, WATSON communicated with K.G. regarding purchasing controlled substances from K.G., as he had done on prior occasions.

d.     On or about July 15, 2024, WATSON, ███████████ and Co-Conspirator 1 traveled to the agreed-on location where K.G. would conduct the planned sale of controlled substances. Once there, ███████ held K.G. at gunpoint, using the handgun that ███████ had provided the night before. WATSON, ███████████ and Co-Conspirator 1 then took approximately 11 kilograms of cocaine, several bags of marijuana, and U.S. currency from the premises.

e.     On or about July 15, 2024, WATSON, ███████████ and Co-Conspirator 1 returned to ███████ residence with the cocaine and marijuana they had taken from K.G. during the robbery. Once there, they packaged the 11 kilograms of cocaine for shipment to Maryland and left the marijuana with ███████

f.     On or about July 15, 2024, WATSON sent text messages to and spoke with ███████, who was still in Maryland, regarding the robbery. Specifically, WATSON wrote "Caught him perfect time." After speaking with ███████ on a call, WATSON then wrote, "And we catch the flight tmrw night and leave the bags w him," followed by "Dummy 11 of them...." Shortly after these messages, WATSON wrote, "On god I feel safe bitch with this bippy to," immediately followed by, "Brand new .48 Glock."

g.      In or around July 2024, the cocaine taken during the robbery was shipped back to Maryland, where it was distributed by WATSON and his associates.

18 U.S.C. § 1951

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c) in the event of any Defendant's conviction(s) under Counts One or Two of this Indictment.

### Narcotics Forfeiture

2.      Upon conviction of the offense alleged in Count One of this Indictment, the Defendants,

**TYLER MICHAEL WATSON,**
**a/k/a "Dink,"**



shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

      a.      any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and

      b.      any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

### Robbery Forfeiture

3.      Upon conviction of the offense alleged in Count Two of this Indictment, the Defendants,

**TYLER MICHAEL WATSON,**
**a/k/a "Dink,"**



shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

### Property Subject to Forfeiture

4.    The property subject to forfeiture includes, but is not limited to:

    a.    a money judgment in the amount of proceeds derived from the offense charged in Count One of this Indictment;

    b.    a money judgment in the amount of proceeds derived from the offense charged in Count Two of this Indictment;

    c.    approximately $8,244 in U.S. currency seized pursuant to the execution of a search warrant on ▮▮▮▮ residence on or about November 19, 2024;

    d.    approximately $140 in U.S. currency seized from ▮▮▮▮ person pursuant to his arrest on or about November 19, 2024;

    e.    approximately $258,900 in U.S. currency seized pursuant to the execution of a search warrant on Bank of America Safe Deposit Box #000-222-002-310 on or about October 2, 2025; and

    f.    a rose-gold, diamond-encrusted Rolex Datejust watch seized pursuant to the execution of a search warrant on Bank of America Safe Deposit Box #000-222-002-310 on or about October 2, 2025.

### Substitute Assets

5.    If, as a result of any act or omission of any Defendant, any of the property described above as being subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

e.  has been commingled with other property which cannot be subdivided

without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the

forfeitable property pursuant to 21 U.S.C. § 853(p).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Kelly O. Hayes
United States Attorney

A TRUE BILL:

Foreperson

6/17/26
Date